CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA.
FILED

FEB 17 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SUSAN M. MCCAIN, | CASE NO. 4:10CV00029 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of SSA, | |
| | By: B. Waugh Crigler |
| Defendant. | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's August 22, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on July 15, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff's date last insured was December 31, 2010, and that she he had not engaged in substantial gainful activity since November 15, 2005, her alleged disability onset date. (R. 12.)

The Law Judge determined plaintiff suffered the following medically determinable impairments: degenerative joint and disc disease and asthma. (*Id.*) The Law Judged concluded that plaintiff did not suffer an impairment or combination of impairments that meets or equals a listed impairment. (*Id.*) The Law Judge found that plaintiff had the residual functional capacity ("RFC") to perform light work, except she can only occasionally climb ladders, ropes or scaffolds. (R. 13.) The Law Judge further found that plaintiff was unable to perform repetitive overhead reaching and should avoid concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases and poor ventilation. (*Id.*) The Law Judge further concluded that, although plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC finding. (R. 14.) The Law Judge believed that plaintiff's RFC precluded her from performing any past relevant work[1], but that she retained the capacity to perform work which exists in significant numbers in the national economy. (R. 17.) Ultimately, the Law Judge determined plaintiff was not disabled under the Act. (R. 18.)

Plaintiff appealed the Law Judge's July 15, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays*

---

[1] Plaintiff's past relevant work was that of a tobacco picker, furniture worker and motel housekeeper. (R. 17.)

2

*v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge failed to develop the record in accordance with 20 C.F.R. §§ 404.1512(e), 416.912(e). (Pl's Brief, pp. 3-4.[2]) Specifically, plaintiff contends that the Law Judge erred by failing to further inquire with treating physician Robert Goodnight, M.D. about the basis for his statement in an office note dated August 24, 2006 that she could not work. (Pl's Brief, p. 3.)

The Law Judge has a "duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986). Even so, the Law Judge is required to look beyond the evidence submitted only when the evidence is insufficient upon which to make an informed decision. 20 C.F.R. §§ 404.1512(e), 416.912(e).

In an office note dated August 24, 2006, an unnamed medical provider at Health Centers Of The Piedmont wrote: "Needs paper filled out for unemployment & fax back before 9/2/06 –

---

[2] Plaintiff's brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

3

not able to work."³ (R. 252.) The bare statement that plaintiff is "not able to work" did not warrant further development for several reasons. First, the standard for an award of Worker's Compensation differs from that applicable to Social Security disability benefits claims. *See Coria v. Heckler,* 750 F.2d 245, 247 (3rd Cir. 1984) (providing that the standards which regulate worker's compensation are different than those which govern the award of disability insurance benefits). Second, the determination of disability is one reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (The determination of whether a plaintiff meets the statutory definition of disabled under the Act is reserved for the Commissioner.). Additionally, the office note merely reflects what plaintiff was seeking for her compensation case. It does not reflect an opinion that she was disabled for any purpose, and even if it did, it is inconsistent with other evidence in the case. For instance, Mohammed Nazmul, M.D., another physician at Health Centers Of The Piedmont, evaluated plaintiff on February 20, 2006 and recommended only that she avoid lifting, pushing or pulling of only "heavy" things. (R. 261.) Also, State agency record reviewing physician Michael Cole, D.O. found that plaintiff could perform medium exertional work (R. 299), a finding corroborated by William Martin, Jr., M.D. (R. 340). The Law Judge's resolution of those inconsistencies is supported by substantial evidence.

Next, plaintiff argues that the Law Judge erred by failing to accord Dr. Goodnight's opinion controlling weight. (Pl's Brief, pp. 4-5.) Plaintiff asserts that the treating physician's opinion was not contradicted by any evidence in the record. (Pl's Brief, p. 4.) In support of this

---

³ The Law Judge and plaintiff have attributed this note to treating source Dr. Goodnight. In fact, the initials on the note are "WRS." Thus, the undersigned questions how this is a note attributable to Dr. Goodnight.

4

argument, plaintiff has referred to a Medical Source Statement completed by Dr. Goodnight on September 15, 2008.

At the outset, the undersigned notes that Dr. Goodnight's September 15, 2008 assessment was conducted after the Law Judge issued his decision. The parties failed to address whether Dr. Goodnight's September 15, 2008 assessment constituted newly discovered evidence warranting a Sentence Six remand. Thus, on January 14, 2011, the court directed the parties to supplement their respective briefs in order to address this issue. They did so within the prescribed period.

It is well-established that a reviewing court can remand a case to the Commissioner under Sentence Six of 42 U.S.C. § 405(g) if the claimant establishes that the new evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

In his September 15, 2008 assessment, Dr. Goodnight diagnosed plaintiff as suffering with asthma, hypertension and severe arthritis, and he noted that her arthritis was so severe that it reduced the range of motion in all her joints. (R. 358.) He believed plaintiff often experienced pain severe enough to interfere with her attention and concentration and that the maximum amount of time she could continuously sit before alternating positions was fifteen minutes. (R. 359.) The physician opined that plaintiff could only sit for a total of one hour in an eight-hour workday, excluding time spent standing or walking about. (R. 360.) According to Dr. Goodnight, plaintiff could walk or stand less than one hour in an eight-hour workday. (R. 361.) Dr. Goodnight concluded that, in addition to normally scheduled breaks at approximately two-

hour intervals, plaintiff would need more rest in an effort to relieve pain arising from a documented medical impairment and to relieve fatigue arising from a documented medical impairment. (*Id.*) He believed plaintiff could only occasionally lift and carry between one and five pounds and could never lift any greater weight. (R. 362.) Dr. Goodnight opined that plaintiff's impairments likely would result in her being absent from work as a result of her impairments or for treatment more than three times per month. (R. 364.) Finally, he concluded that plaintiff's impairments had existed at that level since January 25, 2008. (*Id.*)

Even though Dr. Goodnight's assessment is dated September 15, 2008, he based his conclusions on evidence that had been available for a long time. In fact, he revealed that plaintiff's impairments had existed at the levels he assessed since January 25, 2008, some eight months before. Thus, even if the undersigned found that the assessment itself is "material," it certainly was not based on anything new in the record before the Law Judge. As noted above, the Law Judge assessed the weight to be given Dr. Goodnight's evidence and his decision not to give it controlling weight is supported by substantial evidence. The undersigned hardly believes that his September 15, 2008 assessment based on the same evidence already before the Law Judge reasonably could be expected to change the decision had it been before the Law Judge in the first instance. Good cause has not been shown to remand for further proceedings.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Feb 17, 2011
Date